**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4929**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

RAFAEL PINEDA JARAMILLO, a/k/a Aurelio Garcia Penaloza,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:14-cr-00051-NCT-1)

Submitted:  July 23, 2015        Decided:  September 10, 2015

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rafael Pineda Jaramillo appeals from his conviction and 120-month sentence imposed pursuant to his guilty plea to manufacturing marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2012). On appeal, Jaramillo's counsel submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court erred in enhancing Jaramillo's sentence for possession of firearms in connection with the offense. Although advised of his right to do so, Jaramillo has not filed a pro se supplemental brief. The Government declined to file a brief.[*] After a thorough review of the record, we affirm.

Jaramillo argues that the district court erred in applying the enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2013), for possession of firearms, asserting there was insufficient evidence that he possessed the firearms found in the stash house or that the firearms were connected to the drug activity for which he was convicted. In assessing a challenge to the district court's application of the Guidelines, we review the district court's factual findings for clear error

---

[*] In addition, the Government has not filed a motion to dismiss based upon Jaramillo's appellate waiver in his plea agreement. We decline to raise the waiver sua sponte.

2

and its legal conclusions de novo. United States v. Alvarado Perez, 609 F.3d 609, 612 (4th Cir. 2010).

Section 2D1.1(b)(1) of the Guidelines directs a district court to increase a defendant's offense level by two levels "[i]f a dangerous weapon (including a firearm) was possessed." The enhancement is proper when the weapon at issue "was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction," United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010) (internal quotation marks omitted), even in the absence of "proof of precisely concurrent acts, for example, gun in hand while in the act of storing drugs, drugs in hand while in the act of retrieving a gun." United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997) (internal quotation marks omitted). "[P]roof of constructive possession of the [firearm] is sufficient, and the Government is entitled to rely on circumstantial evidence to carry its burden." Manigan, 592 F.3d at 629. The defendant bears the burden to show that a connection between his possession of a firearm and his narcotics offense is "clearly improbable." Harris, 128 F.3d at 852-53.

Jaramillo has failed to show that the connection between the firearms and the manufacture of marijuana was "clearly improbable," and, on Anders review, "[t]here is nothing in the record to suggest that the weapons were unconnected to the

3

offense." <u>United States v. Gomez-Jiminez</u>, 750 F.3d 370, 382, <u>cert. denied</u>, 135 S. Ct. 384 (2014). To the contrary, the record affirmatively supports the connection: Jaramillo participated in the cultivation of marijuana at the stash house where he was arrested, and three loaded and readily-accessible weapons were found inside the stash house following his arrest. As such, the court's factual finding that the weapons were connected to the drug offense was not clearly erroneous.

In accordance with <u>Anders</u>, we have reviewed the entire record for meritorious issues and have found none. Accordingly, we affirm Jaramillo's conviction and sentence. This court requires that counsel inform Jaramillo, in writing, of the right to petition the Supreme Court of the United States for further review. If Jaramillo requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jaramillo. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>